## MITCHELL, *alias* SMITH, *v.* THE STATE.

1. There was no complaint that any error of law was committed upon the trial. There was evidence to authorize the verdict.
2. The alleged newly discovered evidence was merely cumulative as tending to corroborate the testimony of a number of witnesses who testified on the trial in behalf of the accused, and moreover in all probability it would not cause a different result on another trial.
3. It did not sufficiently appear that one of the jurors who tried the case was not a fair and impartial juror because of bias against the accused.

APRIL 9, 1912.

Indictment for murder. Before Judge Gilbert. Harris superior court. January 17, 1912.

*Henry C. Cameron* and *A. L. Hardy,* for plaintiff in error.

*T. S. Felder, attorney-general, George C. Palmer, solicitor-general, T. T. Miller,* and *C. F. McLaughlin,* contra.

FISH, C. J. Bud Mitchell, alias Bud Smith, was convicted of murder with a recommendation that he be confined in the penitentiary for life. He excepted to the overruling of his motion for a new trial.

What is stated in the first two headnotes needs no elaboration. The only ground of the motion for a new trial not dealt with in such notes was as follows: "Because movant did not have 'a trial by a fair and impartial jury,' in this, to wit: Movant and Rob Johnson were jointly indicted for the murder of George Reese. Upon the trial the State severed, and movant was put on trial. J. B. (Tip) White, one of the jurors in said case, when sworn and put upon his voir dire, at first disqualified on account (as it was afterwards learned) of his partiality for and bias in favor of Rob Johnson, thinking that said Rob Johnson was on trial, that after learning that Rob Johnson was not on trial, but that the State had severed and movant was the defendant on trial, said White announced (not giving his reasons) that he was not disqualified in the case of movant, and was taken as juror in said case. After the trial of movant and a verdict was rendered finding movant guilty, it was ascertained that the cause of said juror disqualifying in the first instance was on account of his bias in favor of and partiality for Rob Johnson, and as the evidence on the trial of said case, as movant contends, showed that Rob Johnson, and not movant, was the slayer of George Reese, movant contends that in the issue so drawn the said White, on account of his bias and partiality as afore-

said for Rob Johnson, was not a fair and impartial juror on the trial of movant." The only evidence submitted on the hearing of the motion for new trial to sustain the ground thereof which is quoted above was by the affidavits of two witnesses, in which they deposed, that after the rendition of the verdict in the case, White, the juror whose qualification was attacked, stated to the deponents that "All of the Johnson negroes are as mean as hell, except Rob Johnson; I raised him, and he is one of the best negroes I ever saw." The character of the deponents was vouched for by several witnesses, and the accused and his counsel made affidavits as to their want of knowledge of the juror's disqualification until after the trial. Upon the hearing of the motion the affidavit of the juror White was put in evidence by the State, the material portion of which is as follows: "Deponent further swears that whatever opinion he may have had as to Rob Johnson, said opinion did not influence or control him in making up his mind as a juror as to the guilt of Bud Mitchell. Deponent further swears that at the time he made his answers upon the voir dire, that what he said relative to his qualifications as a juror in said case was true; and that at the time he was accepted as a juror in said case, that his mind was perfectly impartial between the State and the accused, Bud Mitchell; and that his mind was free from any bias or prejudice either for or against the accused, Bud Mitchell. Deponent further swears that if, in his opinion, the evidence adduced upon the trial of the defendant, Bud Mitchell, had not convinced this deponent of the guilt of the said Bud Mitchell beyond a reasonable doubt, he would have promptly voted for a verdict of not guilty against the said Bud Mitchell."

It will be seen from the foregoing that the only support of the contention in this ground of the motion, to the effect that the juror White was not a fair and impartial juror to try the movant and that the juror first disqualified on his voir dire because of his bias in favor of Rob Johnson—thinking Rob Johnson and not movant was on trial, was the statement of the juror after the trial that "All of the Johnson negroes are as mean as hell, except Rob Johnson; I raised him, and he is one of the best negroes I ever saw." We do not think that from such statement alone it could be fairly inferred that the juror first disqualified himself on his voir dire because of his bias in favor of Rob Johnson, believing that he was on

trial, and that on account of such bias he was not qualified as a juror to try Bud Mitchell, the movant.

Our conclusion is, especially in view of the affidavit of the juror, that this ground of the motion did not require the grant of a new trial, and that the trial judge did not abuse his discretion in overruling the motion. *Judgment affirmed. All the Justices concur.*